IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK GREEN, | : | |
|     Plaintiff, | : | |
| v. | : | No.   03-cv-6916 |
| | : | |
| FDC PHILADELPHIA, ET. AL., | : | |
| | : | |
|     Defendants. | : | |

## MEMORANDUM

**Green, S.J**                                                                                      **January 24, 2007**

      Presently pending is the Motion for Summary Judgment of Defendants Edward B. Motley, Gary Reynolds, M.D., Mary Anczarski, Cecelia Kane, Paul O'Connell and Ralph Ritter, (collectively "Defendants")[1] and the responses thereto.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiff filed his Complaint *pro se* in this matter, pursuant to 42 U.S.C. § 1983, on January 13, 2004, alleging that Defendants violated his Constitutional rights under the Eighth Amendment by denying him adequate medical care during his detainment at the Federal Detention Center ("FDC") in Philadelphia. Defendants filed their Motion to Dismiss, or in the alternative, Motion for Summary Judgment on July 30, 2004 claiming that: 1) Plaintiff failed to show that his Eighth Amendment rights were violated; 2) Plaintiff's Complaint is barred by the doctrine of sovereign immunity; and 3) Defendants are cloaked with qualified immunity from suit. In its Order of October 14, 2005, this court denied Defendants' Motion to Dismiss and provided an additional period of discovery to both parties before deciding Defendants' Motion for Summary Judgment.

---

[1] Defendants are all Bureau of Prisons employees assigned to Federal Detention Center Philadelphia: Edward B. Motley, Warden; Gary Reynolds, M.D., Medical Officer; Mary Anczarski, Physician Assistant; Cecelia Kane, Mid-Level Practitioner; Paul O'Connell, Physician Assistant; and Ralph Ritter, Physician Assistant.

1

This court held an in-court status teleconference regarding this matter on August 14, 2006. At the teleconference, *Pro Se* Plaintiff Mark Green stated on the record that his claims against Defendants for failure to treat his medical conditions pertain to his allegations regarding frequent urination and an illness called Methicillin-Resistant *Staphylococcus Aureus* ("MRSA"). Pursuant to this court's Order of August 15, 2006, both parties have filed responses to this court regarding Plaintiff's medical treatment for his alleged frequent urination and MRSA.

**II.    LEGAL STANDARD**

Summary judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue as to any material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).

A party seeking summary judgment bears the initial responsibility of identifying the basis for its motion, along with evidence clearly demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catreet, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). Rule 56(e) of the Federal Rules of Civil Procedure requires the nonmoving party to supply sufficient evidence, not mere allegations, for a reasonable jury to find in the nonmovant's favor. See Oldson v. General Elec. Astrospace, 101 F.3d 947, 951 (3d Cir. 1996). This evidence must be viewed in the light most favorable to the nonmoving party. See Anderson, 477 U.S. at 256. Disagreements over what inferences may be drawn from the facts, even undisputed ones, preclude summary judgment. Ideal Dairy Farms, Inc. v. John Labatt, Ltd., 90 F.3d 737, 744 (3d Cir. 1996). Credibility determinations, the drawing of legitimate inferences from facts, and the weighing of evidence are matters left to the jury. Anderson, 477 U.S. at 255 (1986).

## III.    DISCUSSION

In <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), the United States Supreme Court stated that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." <u>Id.</u> at 104. "The standard enunciated in <u>Estelle</u> is two-pronged: '[i]t requires deliberate indifference on the part of the prison officials and it requires the prisoner's medical needs to be serious."[2] <u>Monmouth County Correctional Institutional Inmates</u>, 834 F.2d 326, 346 (3d Cir. 1987). Mere allegations of malpractice and mere disagreement regarding proper medical care do not rise to the level of a constitutional violation. <u>Id.</u> In <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994), the United States Supreme Court further defined the deliberate indifference standard to require that a prison official is not liable under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety." <u>Id.</u> at 837. Furthermore, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 (3d Cir. 2004).

Plaintiff alleges that Defendants were deliberately indifferent to treating his frequent urination issues. Defendants have submitted to this court a list of medical treatment that Plaintiff allegedly received in response to his frequent urination complaints at FDC Philadelphia. While Plaintiff alleges that Defendants are trying to sneak in additional information into the record that have no bearing on his frequent urination medical issue, Plaintiff fails to contest that

---

[2]Among other examples, deliberate indifference can be demonstrated when: 1) "prison authorities deny reasonable requests for medical treatment ... and such denial exposes the inmate 'to undue suffering ...'", 2) "knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care" and 3) "if necessary medical treatment [i]s ... delayed for non-medical reasons." <u>Id.</u> at 346.

3

he was actually seen by Defendants Gary Reynolds, M.D., Physician Assistant Mary Anczarski, Physician Assistant Paul O'Connell and the Clinical Director at FDC Philadelphia as stated in an enclosure with Defendants' response dated August 18, 2006.  Therefore, while Plaintiff may disagree with the adequacy of medical care that he received from the medical defendants at FDC Philadelphia, mere allegations of malpractice and disagreement regarding proper medical care do not rise to the level of an Eighth Amendment violation.  Additionally, since Plaintiff has not presented any evidence to demonstrate that any of the non-medical defendants nor any of the medical defendants that did not specifically see Plaintiff knew of and disregarded an excessive risk to Plaintiff's health or safety, none of these Defendants should be charged with the Eighth Amendment scienter requirement of deliberate indifference.  Therefore, Plaintiff's medical treatment claims as to all Defendants regarding frequent urination must fail as a matter of law.

Plaintiff also alleges that Defendants were deliberately indifferent to treating his MRSA condition.  Although Plaintiff alleges suffering from MRSA in his Response to Motion to Dismiss dated March 28, 2005 in connection with a culture being taken of a boil on his forehead, Plaintiff failed to even mention MRSA in his Complaint in this case.  The website for the Center for Disease Control, National Center for Infectious Diseases states that MRSA can be exhibited in the form of pimples, boils, and other skin conditions.  Center for Disease Control, National Center for Infectious Diseases, Arctic Investigations Program, MRSA (Sept. 6, 2006) *at* http://www.cdc.gov/ncidod/aip/research/mrsa.html.  Therefore, this court shall consider medical treatment provided to Plaintiff for pimples, boils and other skin conditions as treatment for Plaintiff's alleged MRSA.  While Plaintiff alleges that Defendants try to misrepresent his MRSA for a rash, Plaintiff does not contest the treatment that he received from Defendants for his various skin rashes and skin tags.  Therefore, while Plaintiff may disagree with the adequacy of

medical care that he received from the medical defendants at FDC Philadelphia, mere allegations of malpractice and disagreement regarding proper medical care do not rise to the level of an Eighth Amendment violation.  Additionally, since Plaintiff has not presented any evidence to demonstrate that any of the non-medical defendants nor any of the medical defendants that did not specifically see and assess Plaintiff knew of and disregarded an excessive risk to Plaintiff's health or safety, then none of these Defendants should be charged with the Eighth Amendment scienter requirement of deliberate indifference.  Therefore, Plaintiff's medical treatment claims as to all Defendants regarding Plaintiff's alleged MRSA must fail as a matter of law.  An appropriate Order follows.